JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

5:15-cv-6081

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Armstrong World Industries, Inc. and AWI Licensing Company, Inc.

### DEFENDANTS
Norton Industries, Inc.

**(b)** County of Residence of First Listed Plaintiff: Lancaster County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cuyahoga County, Ohio
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Duane Morris LLP, Thomas T. Loder, 30 South 17th Street, Philadelphia, PA 19103-4196, Telephone: +1 215 979 1000

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** — ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY** — ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other | ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157 | ☐ 375 False Claims Act; ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV |
| ☐ 120 Marine | | | | |
| ☐ 130 Miller Act | | | **PROPERTY RIGHTS** | |
| ☐ 140 Negotiable Instrument | | | ☐ 820 Copyrights | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☒ 830 Patent | |
| ☐ 151 Medicare Act | | | ☐ 840 Trademark | |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes |
| ☐ 160 Stockholders' Suits | | | | |
| ☐ 190 Other Contract | | | | |
| ☐ 195 Contract Product Liability | | | | |
| ☐ 196 Franchise | | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** |
| ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education | **Habeas Corpus:** ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty; **Other:** ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609 |

### V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
35 U.S.C. 271

Brief description of cause:
Infringement of U.S. Patent No. 9,091,051

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/10/2015
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   NOV 11 2015   JUDGE   MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Armstrong World Industries, Inc. - 2500 Columbia Avenue, Lancaster, Pennsylvania

Address of Defendant: 1366 W. 117th Street, Lakewood, Ohio 44107

Place of Accident, Incident or Transaction: United States, including but not limited to the E.D. of PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☒ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Thomas T. Loder, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/10/2015 _____ 43482
Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/10/2015 _____ 43482
Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

NOV 11 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Armstrong World Industries, Inc. And AWI Licensing Company, Inc. v. Norton Industries, Inc. | : : : : : | CIVIL ACTION  15  6081  NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| 11/10/2015 | [signature] | Armstrong World Industries, Inc. And AWI Licensing Company, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-979-1000 | 215-979-1020 | ttloder@duanemorris.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 11 2015



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC. AND AWI LICENSING COMPANY, INC., <br><br> PLAINTIFFS, <br><br> V. <br><br> NORTON INDUSTRIES, INC., <br><br> DEFENDANT. | CIVIL ACTION NO. <br><br> 15  6081 |

## COMPLAINT

Plaintiffs Armstrong World Industries, Inc. ("Armstrong") and AWI Licensing Company, Inc., ("AWI Licensing ") (collectively, "Plaintiffs"), by and through their counsel, hereby file this Complaint for patent infringement against Defendant Norton Industries, Inc. ("Norton").

### PARTIES

1. Plaintiff Armstrong is a corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2500 Columbia Avenue, Lancaster, Pennsylvania.

2. Plaintiff AWI Licensing is a corporation existing under the laws of the State of Delaware, with its principal place of business located at 818 Washington Street, Wilmington, Delaware 19801.

3. Defendant Norton is a corporation which, upon information and belief, is regularly conducting sales activities and otherwise doing business in this judicial district. Defendant Norton is a corporation established and existing under the laws of the State of Ohio. Norton, with its principal place of business located at 1366 W. 117th Street, Lakewood, Ohio

44107, can be served through its registered agent for service: Jack Norton, 28944 Lake Road, Bay Village, Ohio 44140.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, specifically Title 35 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 1400(b)(2).

7. This Court has personal jurisdiction over Norton because, upon information and belief, Norton has transacted business and otherwise conducted sales activities in this district and has committed, contributed to, and induced acts of patent infringement in this district.

## FACTS

8. On July 28, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 9,091,051 (the "'051 Patent"), entitled "Suspended Ceiling System, Securing Members, and Process of Installing a Suspended Ceiling System."

9. AWI Licensing owns the '051 Patent.

10. Pursuant to a written agreement between AWI Licensing and Armstrong, Armstrong has an exclusive, world-wide license to use and practice the '051 Patent, including the right to sublicense the '051 Patent to third-parties.

11. Norton makes, uses, sells, offers for sale, and/or imports into the Commonwealth of Pennsylvania, specifically including within this judicial district, and elsewhere within the

United States, systems and components that infringe the '051 Patent, including but not limited to systems and components known and referred to herein as the "Access Ceiling System" including the various component parts thereof.

### COUNT I: DIRECT INFRINGEMENT OF THE '051 PATENT

12. Norton has directly infringed, and is still infringing, the '051 Patent in the Commonwealth of Pennsylvania, including within this judicial district, and elsewhere within the United States by, among other things, making, using, licensing, selling, offering for sale, or importing suspended ceiling systems, including but not limited to its Access Ceiling System, which suspended ceiling systems embody the patented invention, as set forth in one or more claims of the '051 Patent.

13. Norton will have written notice of its infringement at least via service of this Complaint.

14. As a result of the aforesaid acts, Norton has damaged, and is continuing to damage, Plaintiffs.

### COUNT II: INDUCED INFRINGEMENT OF THE '051 PATENT

15. Norton has induced and continues to induce the direct infringement of the '051 Patent by its customers and installers by, among other activities, advising, encouraging, and intending for its customers and installers to use Norton's suspended ceiling systems, including but not limited to the Access Ceiling System, which suspended ceiling systems infringe one or more claims of the '051 Patent.

16. Norton has had knowledge of the '051 Patent and of the infringing nature of its actions since at least the filing and/or service of this Complaint.

17. By continuing the aforesaid acts, Norton has the specific intent to induce the infringement of the '051 Patent and is therefore liable under 35 U.S.C. §271(b).

18. As a result of the aforesaid acts, Norton has damaged, and is continuing to damage, Plaintiffs.

**COUNT III: CONTRIBUTORY INFRINGEMENT OF THE '051 PATENT**

19. Norton has contributed, and continues to contribute, to the direct infringement of one or more claims of the '051 Patent by its customers and installers by, among other activities, offering to sell or by selling within the United States its suspended ceiling systems and components thereof, including but not limited to the Access Ceiling System, knowing such systems and components to be especially made or especially adapted for use in infringing the '051 Patent.

20. By way of example only, the infringing components and systems offered for sale or sold by Norton include the Access Ceiling System and its associated mounting hardware (including the crane hook) and plank options.

21. The accused suspended ceiling systems and components thereof, including but not limited to the Access Ceiling System and related components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. These systems and components have no substantial noninfringing uses because, upon information and belief, they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the '051 Patent.

22. Norton has had knowledge of the '051 Patent and of the infringing nature of its actions since at least the filing and/or service of this Complaint.

23.     By continuing the aforesaid acts, Norton has the specific intent to contribute to the infringement of the '051 Patent and is therefore liable under 35 U.S.C. §271(c).

24.     As a result of the aforesaid acts, Norton has damaged, and is continuing to damage, Plaintiffs.

## DAMAGES AND PERMANENT INJUNCTION

25.     Norton's infringement of the one or more claims of the '051 Patent has and will continue to damage Plaintiffs.

26.     Plaintiffs seek an award of damages to compensate them for Norton's infringement, which amount of damages shall in no event be less than a reasonable royalty for the use of the patented system set forth in the '051 Patent.

27.     In addition, Plaintiffs further seek to permanently enjoin Norton from infringing the '051 Patent. Norton and Armstrong are competitors in the suspended ceiling marketplace. Accordingly, if Norton is not permanently enjoined, Plaintiffs will suffer irreparable harm in the form of lost market share and goodwill, harms and losses for which there is no adequate remedy at law.

28.     Plaintiffs intend to seek discovery on the issue of willfulness and reserve all of their rights to seek a finding of willfulness regarding Norton's pre-suit acts of infringement and/or post-suit acts of infringement with respect to the '051 Patent.

## JURY DEMAND

29.     Plaintiffs hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

As a result of and in light of the foregoing, Plaintiffs respectfully request that the Court find in their favor and against Norton, and that the Court grant Plaintiffs the following relief:

5

DM2\6317042.1

(a) A judgment in favor of Plaintiffs that Norton has directly infringed one or more claims of the '051 Patent, and/or that Norton has indirectly infringed one or more claims of the '051 Patent by way of inducing and/or contributing to the direct infringement by its customers and installers;

(b) A permanent injunction, pursuant to 35 U.S.C. §283, enjoining Norton and its officers, directors, agents, affiliates, employees, installers, branches, subsidiary and parent entities, and all others acting in active concert therewith, from infringing, inducing the infringement of, and/or contributing to the infringement of the '051 Patent;

(c) An award to Plaintiffs of damages adequate to compensate Plaintiffs for Norton's acts of infringement, together with pre-judgment and post-judgment interest thereon;

(d) A declaration by this Court that this is an exceptional case and including an award to Plaintiffs of their reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

(e) Any and all further relief that this Court deems just and proper.

DUANE MORRIS LLP

_____
Thomas T. Loder
Pennsylvania Bar No. 43482
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: +1 215 979 1000
Fax: + 215 979 1020

Matthew C. Gaudet
(*pro hac vice* application to be filed)
E-mail:mcgaudet@duanemorris.com
John R. Gibson
(*pro hac vice* application to be filed)
E-mail:jrgibson@duanemorris.com

DM2\6317042.1

                                                1075 Peachtree NE, Suite 2000
                                                Atlanta, GA 30309-3929
                                                Telephone: +1 404 253 6900
                                                Fax: +1 404 253 6901

                                                *Attorneys for Plaintiffs Armstrong World Industries,*
                                                *Inc. and AWI Licensing Company, Inc.*

Dated: November 10, 2015